IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE BRICKLAYERS AND ALLIED CRAFTSMEN LOCAL 74 FRINGE BENEFIT FUNDS, <br><br> Plaintiffs, <br><br> v. <br><br> ALL TIGHT MASONRY, INC. an Illinois corporation <br> Defendant. | FILED: APRIL 3, 2008 <br> No. 08CV1923   AEE <br> JUDGE DARRAH <br> MAGISTRATE JUDGE BROWN <br> Magistrate Judge |

## COMPLAINT

Plaintiffs, Trustees of the Bricklayers and Allied Craftsmen Local 74 Fringe Benefit Funds, by their attorneys, DONALD D. SCHWARTZ and ARNOLD AND KADJAN, complain against Defendant, **BRANDON J. CALDWELL, individually and d/b/a ALL TIGHT MASONRY, INC.** as follows:

### COUNT I

1. (a) Jurisdiction of this cause is based on Section 301 of the National Labor Relations Act, 29 U.S.C. Section 185(a) as amended.

   (b) Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

2. Venue is founded pursuant to 29 U.S.C. Section 1132(e)(2) in this District where the Funds, as described in Paragraph 3, are administered.

3. (a) The Plaintiffs in this count are Trustees of the Bricklayers and Allied Craftsmen Local 74 Fringe Benefit Funds ("Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

(b)     The Funds have been established pursuant to collective bargaining agreements previously entered into between the Bricklayers and Allied Craftsmen Local 74 (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

(c)     The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

4.  (a)  Defendant, **BRANDON J. CALDWELL, individually and d/b/a ALL TIGHT MASONRY, INC. ("ALL TIGHT")**, is an Illinois employer doing business within this Court's jurisdiction.

(b)     **ALL TIGHT** is an employer engaged in an industry affecting commerce.

5.  Since on or about **September 8, 2004, ALL TIGHT** has entered into successive collective bargaining agreement with the Union pursuant to which they are required to make periodic contributions to the Funds on behalf of certain of its employees (Exhibit "A").

6.  By virtue of certain provisions contained in the collective bargaining agreements, **ALL TIGHT** is bound by the Trust Agreement establishing the Funds.

7.  Under the terms of the collective bargaining agreements and Trust Agreements to which it is bound, **ALL TIGHT** is required to make contributions to the Funds on behalf of its employees and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiffs' accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

8.  Since **September 8, 2004, ALL TIGHT** has admitted, acknowledged and ratified

the collective bargaining agreements entered into with the Union by filing periodic report forms with the Funds by making some but not all of the periodic payments to the Funds as required by the collective bargaining agreements.

9. Plaintiffs are advised and believe that for **January 1, 2006 to the present, ALL TIGHT,** has failed to make some of the contributions from time to time required to be paid by it to the Funds pursuant to the terms of the collective bargaining agreements and Trust Agreements by which it is bound, all in violation of its contractual obligations and its obligations under applicable state and federal statutes.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A. **ALL TIGHT** be ordered to submit to an audit for **January 1, 2006 to the present**.

B. Judgment be entered in the amount due on the audit against **ALL TIGHT**.

C. Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502 (g)(2).

D. **ALL TIGHT** be enjoined from violating the terms of the collective bargaining agreements and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments.

E.  This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

Respectfully submitted,

**TRUSTEES OF THE BRICKLAYERS AND ALLIED CRAFTSMEN LOCAL 74 FRINGE BENEFIT FUNDS,**


By:___s/Donald D. Schwartz_____
         One of their Attorneys

Donald D. Schwartz
**ARNOLD AND KADJAN**
19 West Jackson Blvd.
Chicago, Illinois 60604
(312) 236-0415

4



# Mason Contractors Association
### of GREATER CHICAGO
1480 RENAISSANCE DR. #302
PARK RIDGE, ILLINOIS 60068

## Mason Contractor Member Application
## 2004-2005

**I WOULD LIKE TO BECOME A REGULAR MEMBER OF THE MASON CONTRACTORS ASSOCIATION OF GREATER CHICAGO**

I agree to be bound by the By-Laws of the Association. I understand Regular Members assign bargaining rights for the Bricklayers Contract and may, but are not required, to do the same for the Laborers Agreement.

Please complete the following information and return to the above address.

Company Name: **Alltight Masonry**

Address: **14605 Edison Drive**

City: **New Lenox**    State: **Illinois**    Zip: **60451**

Phone: 815-462-9431    Fax: 815-462-9432

E-mail: chris@alltightmasonry.com

Annual membership dues to the *Mason Contractors Association of America* (MCAA) are based on Gross Sales. (Under 1 million - $400.00)

*Please check all that apply*

| We are: | Bricklayers | ✓ |
| | Laborers | |
| | Operators | |

PHONE 847/824-0146



Signature: [Brandon Caldwell]
Title: Owner
Date: 9/8/2004



EXHIBIT A